The relief described hereinbelow is SO ORDERED.

Signed January 19, 2006.

_____
Ronald B. King
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOHN EDWARD GONZALES, | § | CASE NO. 99-52820-RBK |
| | § | |
| DEBTOR | § | CHAPTER 7 |
| | § | |
| BANK ONE, N.A. AND JPMORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER TO BANK ONE, N.A. | § § § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-5113-RBK |
| | § | |
| JOHN EDWARD GONZALES | § | |

**ORDER REMANDING TO STATE COURT**

On June 18, 1999, Defendant, John Edward Gonzales, filed a Voluntary Chapter 7 Petition.

On September 22, 1999, Defendant was granted a discharge, and his Chapter 7 case was closed.

On February 24, 2004, Defendant was served with a declaratory judgment action filed against him in Cause No. 2004-CI-02409 in Bexar County, Texas, by Plaintiff, JPMorgan Chase Bank (successor in interest to Bank One, N.A.).

As a defense in Cause No. 2004-CI-02409, Defendant asserted that Defendant's Chapter 7 Trustee should also be a party.

On June 28, 2005, this Court granted the "Motion of JPMorgan Chase Bank, N.A. to Reopen Chapter 7 Case."

On July 15, 2005, Plaintiff filed a Notice of Removal of its declaratory judgment action.

Defendant, John Edward Gonzales, filed "Defendant's Motion to Dismiss and/or to Abstain," and the matter was taken under advisement.

*Issue*

Whether a state court action removed to a reopened bankruptcy court case must be remanded where the action was removed more than thirty days after the service of the state court lawsuit.

*Analysis*

Two statutory procedures and one procedural rule are implicated when considering timing of removal of state court actions to bankruptcy court: (i) the general procedure for removal as outlined by 28 U.S.C. § 1446, (ii) the specific procedure for removal of bankruptcy-related issues as outlined by 28 U.S.C. § 1452, and (iii) Bankruptcy Rule 9027, which governs removal under section 1452.

In pertinent part, section 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within *thirty days* after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

2

> motion, *order* or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by *section 1332* of this title more than *1 year* after commencement of the action.[1]

28 U.S.C. § 1446(b) (2005) (emphasis added).

In pertinent part, section 1452 (removal of claims related to bankruptcy cases) states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (2005).

In pertinent part, Rule 9027(a) (removal/notice of removal) states:

> (2) TIME FOR FILING; CIVIL ACTION INITIATED *BEFORE COMMENCEMENT* OF THE CASE UNDER THE CODE. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the *order for relief* in the case under the Code, (B) *30 days after entry of an order terminating a stay*, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.
>
> (3) TIME FOR FILING; CIVIL ACTION INITIATED *AFTER COMMENCEMENT* OF THE CASE UNDER THE CODE. If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of

---

[1] 28 U.S.C. 1332 affords district courts original jurisdiction in civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action takes place between (i) citizens of different states; (ii) citizens of a state and citizens or subjects of a foreign state; (iii) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (iv) suits between a foreign state as plaintiff and citizens of a state or of different states. 28 U.S.C. § 1332 (2005).

> (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

FED. R. BANKR. P. 9027(a)(2)–(a)(3) (emphasis added).

In the Motion to Dismiss and/or to Abstain, Defendant alleges that section 1446(b) provides for a thirty-day removal time with a one-year bar date. Plaintiff responds that removal was filed within thirty days of the Court's "Order Granting Motion of JPMorgan Chase Bank, N.A. to Reopen Chapter 7 Case" and that the one-year bar date only applies to cases where federal jurisdiction has been conferred by diversity, not bankruptcy. Both of Plaintiff's contentions appear to be correct.

Defendant was served with the Court's June 28, 2005 order reopening his Chapter 7 bankruptcy case via first class mail on June 30, 2005. Plaintiff served Defendant with Notice of Removal via certified mail, return receipt requested, on July 15, 2005. Comparison of these dates makes it readily apparent that Defendant received Notice of Removal within thirty days of the Court's order reopening his Chapter 7 case.

The plain language of the one-year bar of section 1446(b) refers exclusively to 28 U.S.C. § 1332.[2] No extension of section 1446(b)'s one-year bar applies to additional sections of Title 28, specifically to the jurisdiction conferred to federal bankruptcy courts under 28 U.S.C. § 1334.

Analysis cannot end here, for it would require acceptance of the Court's order reopening Defendant's Chapter 7 case as an effective trigger of section 1446(b)'s thirty-day window. Moreover, Plaintiff predicated its Notice of Removal on section 1452(a). Therefore, Rule 9027 must be considered in determining whether removal was timely.

---

[2] *See* Footnote 1, *supra*.

4

If Defendant's Chapter 7 case is deemed to have "commenced" at its initial filing date of June 18, 1999, Rule 9027(a)(3) applies. Because Defendant was served with a copy of Plaintiff's declaratory action seventeen months prior to Plaintiff's subsequent Notice of Removal, removal is untimely under Rule 9027(a)(3).

Alternately, if Defendant's Chapter 7 case did not exist at the time of Plaintiff's declaratory action and somehow "commenced" again with the Court's Order to Reopen, Rule 9027(a)(2) would apply. Of its three subdivisions, only Rule 9027(a)(2)(A) appears to be applicable.[3]

The timeliness of a removal under similar circumstances has been discussed in the Western District of Texas. ***Hofman v. Money Mtge. Corp. of America and Facelift Remodelers, Inc. (In re Hofman)***, 248 B.R. 79 (Bankr. W.D. Tex. 2000). In ***Hofman***, a next friend to an incompetent debtor sought to invalidate a creditor's lien against the debtor's homestead in a state civil action filed one day prior to the closing of the debtor's Chapter 7 case. ***Id.*** In response to the creditor's assertions that part of the cause of action might belong to the bankruptcy estate, the court reopened the Chapter 7 case at the debtor's request. ***Id.*** at 81. The creditor was unaware that the case had been reopened for almost two months.[4] ***Id.*** Once discovered, the creditor filed a notice of removal claiming timeliness under Rule 9027(a)(2)(A) because the bankruptcy court's order to reopen the

---

[3] Rule 9027(a)(2)(B) cannot apply because there was never an order terminating the stay. Rule 9027(a)(2)(C) cannot apply because Defendant's case is under Chapter 7.

[4] As noted, *supra*, Rule 9027(a)(2)(A) allows for a ninety-day removal window after an order for relief. While there is an obvious conflict between this and the thirty-day time window prescribed by section 1446(b), it is irrelevant here because of the brief interval of actual time between the order reopening Defendant's case and the filing of Plaintiff's Notice of Removal. Plaintiff's apparent reference to section 1446(b)'s thirty-day window does not relieve it of the burden of complying with section 1452(a) and Rule 9027.

5

debtor's case was the equivalent of an "order for relief."[5] *Id.* at 87. In granting the debtor's motion to remand, the court stated:

> Rule 9027[(a)(2)(A)] . . . says nothing at all about measuring time frames from an order "reopening" a case. The time runs from . . . the initiation of the bankruptcy case . . . [Measuring] from the order reopening would fundamentally alter some very basic bankruptcy concepts. When a bankruptcy case is reopened, the original date for the "order for relief" is not altered. Neither is the date for "commencement of the case." These two dates play critical roles in the bankruptcy process, defining what property interests come into the estate as property of the estate, and what property interests fall outside because they happen to arise after the commencement of the case, for example. Preference periods run from the date of commencement of the case. Exemption rights are set by the order for relief date. Claims are defined by whether they arise before or after the order for relief. Nothing in section 350(b), which authorizes the reopening of bankruptcy cases, even vaguely suggests an alteration of these critically important dates.[6]

*Id.* (citations omitted). ***Hofman*** buttressed this position by noting the presence of specific language in 11 U.S.C. § 548 and 11 U.S.C. § 349 addressing the impact of conversion and dismissal on "order for relief" and "commencement of the case" and the absence of any such language in section 350(b). *Id.* at 88.

Additional case law on this issue is very limited, but it should be noted that dicta in an unpublished Ninth Circuit case has reached a different conclusion. ***Stroh v. Grant*** (***In re Stroh***), 34 FED. APP. 562 (9th Cir. 2002). In ***Stroh***, a doctor filed a state civil suit against a former partner claiming money owed from their partnership. *Id.* After discovery that the plaintiff had filed for

---

[5] 11 U.S.C. § 301 states that "[t]he commencement of a voluntary case under a chapter of this title constitutes an *order for relief* under such chapter." 11 U.S.C. § 301 (2005) (emphasis added).

[6] 11 U.S.C. § 350(b) addresses the reopening of cases under the Code. In its one sentence entirety, it states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (2005). Plaintiff's stated purpose for reopening Defendant's Chapter 7 case was the adjudication of its declaratory judgment action, not to administer assets or accord relief to the Defendant.

6

Chapter 7 bankruptcy some three years prior, the defendant petitioned the bankruptcy court to reopen the plaintiff's case and subsequently removed the state action.[7] *Id.* at 563. Among other things, the bankruptcy court denied the doctor's motion to remand and the doctor appealed. *Id. Stroh* declined jurisdiction on this claim under section 1452(b) because it was a challenge to the bankruptcy court's decision not to remand. *Id.* Neglecting to address any of the factors cited by *Hofman*, the court then summarily commented that a notice of removal filed within ninety days of a bankruptcy court's order reopening the case was timely under Rule 9027(a)(2). *Id.* Remarkably, *Stroh* supported this comment by citing a passage from *Devore v. Marshack* (*In re Devore*) which itself appears to support the conclusion of *Hofman*:

> [R]eopening a bankruptcy case puts the bankruptcy estate back into the process of administration *and revives the original case.*

*Devore v. Marshack* (*In re Devore*), 223 B.R. 193, 198 (B.A.P. 9th Cir. 1998) (emphasis added). Given *Hofman's* thorough analysis and *Stroh's* indirect support, it would appear that use of the word "commenced" in Rule 9027(a)(2) should be coincident with the date on which the *original* case under the Code commenced.

*Conclusion*

Whether analyzed via a timeline begun by the filing of Defendant's bankruptcy case or the commencement of Plaintiff's declaratory action, Plaintiff did not file a timely Notice of Removal in compliance with Rule 9027(a).

---

[7]Some of the events giving rise to the doctor's claim apparently took place prior to and during the pendency of his bankruptcy. The doctor had failed to disclose the existence of the partnership in his schedules.

It is, therefore, **ORDERED, ADJUDGED AND DECREED** that this cause of action be remanded to the 166th Judicial District Court, Bexar County, Texas.

# # #